Paul L. WILLIAMS, Anthony L. Young, and Miguel Del Valle, Plaintiffs,

v.

**STATE BOARD OF ELECTIONS, et al., Defendants.**

**No. 88 C 2377.**

United States District Court, N.D. Illinois, E.D.

July 20, 1988.

Michael P. Seng, John Marshall Law School, Chicago, Ill., James C. Craven, Springfield, Ill., for plaintiffs.

Richard M. Daley, State's Atty., Terry McDonald, Asst. State's Atty., Supervisor, Federal Litigation Unit, Michael Levinson, Chicago Bd. of Elections, Mike Hayes, Roger P. Flahaven, Deputy Attys. Gen., Barry

T. McNamara, D'Ancona & Pflaum, James J. Stamos, Coffield, Ungaretti, Harris & Slavin, Chicago, Ill., for defendants.

## ORDER

GRADY, Chief Judge.

Plaintiffs have moved, pursuant to Federal Rule of Civil Procedure 23(b)(2), for certification of a class composed of all black and Hispanic citizens of the United States over the age of eighteen who reside in Cook County, Illinois. Although no defendant has expressed opposition to this motion, the court has an independent duty to satisfy itself that the class is maintainable and that the named plaintiffs are proper representatives.

The proposed class is clearly numerous, as it contains almost two million persons. The plaintiffs' claims also raise common questions of law. No question has been raised about the suitability of the named plaintiffs, two blacks and a Hispanic, to represent the respective communities. Their claims are typical of the Voting Rights Act claims of blacks and Hispanics, respectively, and it appears that the named plaintiffs are capable of fairly and adequately protecting the interests of those communities. In addition, if the plaintiffs' allegations are true, the defendants, or others, "have refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Rule 23(b)(2).

The court is not persuaded, however, that there will inevitably be common questions of fact with respect to all members of the proposed class. For example, the facts stated in the complaint raise the possibility that there may be material differences between the ability of blacks and Hispanics to participate in the political process and elect representatives of their choice. As the complaint makes clear, a number of black candidates for some judicial offices, notably the First District Appellate Court, have been elected. No Hispanic has ever been elected to the First District Appellate Court. Complaint at ¶ 34.

The court is aware that the race of candidates and of office-holders does not necessarily reflect a protected class's ability to participate in the political process and to elect representatives of its choice. *See Thornburg v. Gingles,* 478 U.S. 30, 106 S.Ct. 2752, 92 L.Ed.2d 25 (1986). There may be material differences as to the situations experienced by blacks and Hispanics of voting age in Cook County, Illinois. Such differences, if they exist, may be relevant to whether either blacks or Hispanics, or both, are entitled to various forms of relief. It is conceivable that, should plaintiffs eventually prevail on their legal claim, blacks and Hispanics may have divergent or even conflicting interests when the court seeks to fashion appropriate equitable relief. The divergent interests could become acute if the court should be confronted with the task of drawing, or redrawing, lines for districts from which judges would henceforth be elected. It would therefore be imprudent to certify the single, unitary class requested by the movants.

Rule 23 is a flexible instrument. It gives the court the power "to treat common things in common and to distinguish the distinguishable." *Jenkins v. United Gas Corp.,* 400 F.2d 28, 35 (5th Cir.1968). Specifically, Rule 23(c)(4) allows the court to divide a class into subclasses "when appropriate." Each subclass is then treated as a class, and the provisions of Rule 23 are construed and applied accordingly. Rule 23(c)(4). Division of the proposed class into subclasses consisting of black U.S. citizens over the age of eighteen who reside in Cook County, and Hispanic U.S. citizens over the age of eighteen who reside in Cook County, is appropriate in this case. *Cf. Sanders v. John Nuveen & Co. Inc.,* 463 F.2d 1075, 1082 n. 24 (7th Cir.1972) (noting court may define subclasses "if that course seems advisable").

Both of these subclasses themselves meet the prerequisites of Rule 23.

For the reasons stated above, it is ORDERED,

That a class be certified, composed of the following two subclasses:

1. All black U.S. citizens over the age of eighteen who reside in Cook County, Illinois, represented by Paul L. Williams and Anthony L. Young;

2. All Hispanic U.S. citizens over the age of eighteen who reside in Cook County, Illinois, represented by Miguel Del Valle.